IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT FAGAN, SHAWN HAGENAH,
BRADLEY A. JENSEN, DANIEL THOMAS,
& JOSEPH G. STEPHANI,

                              Plaintiffs,                          OPINION AND ORDER

        v.
                                                                      20-cv-685-wmc

SUPERIOR REFINING CO., LLC,

                              Defendant.

This lawsuit is one of a series filed after an explosion at the Husky Superior Refinery in April of 2018.[1]  In this case, plaintiffs Robert Fagan, Shawn Hagenah, Bradley A. Jensen, Daniel Thomas, and Joseph G. Stephani allege that they were working at the Refinery under a third-party contract when the explosion occurred.  They further claim that the explosion and their resulting injuries were caused by defendant Superior Refining Co., LLC's negligence, strict liability for extrahazardous activities, and violation of Wis. Stat. § 101.11 (the "safe place statute").

Previously, the court issued a detailed decision granting plaintiffs' motion for leave to file an amended complaint.  (Dkt. #36.)  Now, defendant Superior Refining Co., LLC seeks to dismiss that complaint.  (Dkt. #43.)  Defendant points to Wisconsin's general rule of principal employer nonliability, which holds that an entity that hires an independent contractor (also known as the "principal employer") is not liable in tort for

---

[1] *See Bruzek v. Husky Energy, Inc.*, 18-cv-697-wmc; *Mayr v. Husky Energy, Inc.*, 18-cv-917-wmc; *Eliason v. Superior Refining Company LLC*, 19-cv-820-wmc; *Fagan v. Superior Refining Co. LLC*, 19-cv-462- wmc; *Moore v. Superior Refining Co. LLC*, 20-cv-632-wmc; *Bell-Yellin v. Superior Refining Co. LLC*, 20-cv-631- wmc; *Wysocki v. Superior Refining Co*. LLC, 21-cv-6-wmc.

injuries sustained by the independent contractor's employees while he or she is performing the contracted work, unless those injuries were caused by the principal employer's affirmative act of negligence or were sustained while the employee engaged in an ultrahazardous activity. According to defendant, the amended complaint does not state a claim under the affirmative acts or ultrahazardous activities exception, and so it -- as the principal employer -- cannot be held liable.

The court previously addressed these arguments in defendant's opposition to plaintiffs' motion to amend their complaint, concluding that "plaintiffs have alleged sufficient facts to support their claimed exemption from the general rule of principal employer nonliability at least at the pleading stage." (Dkt. #36 at 9.) Defendant offers no persuasive reason for the court to revisit its conclusion, and so its motion to dismiss is denied.

ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #43) is DENIED.

Entered this 6th day of August, 2021.


BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge